UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LOGAN T. PADGETT,

    Plaintiff,

v.                                        Case No.:  8:22-cv-1330-KKM-MRM

STATE OF FLORIDA, PAUL
WRIGHT, SERGEANT
WALMSLEY, SERGEANT
WIGFALL, and LUKE BRANDT,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

    Plaintiff Logan T. Padgett filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) on June 10, 2022, which the Undersigned construes as a motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915 and M.D. Fla. R. 6.03.  (*See* Doc. 2).  Plaintiff seeks leave to proceed *in forma pauperis*, which is without pre-payment of fees.  The Undersigned has carefully reviewed the Complaint (Doc. 1) and the Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) (Doc. 2) under 28 U.S.C. § 1915 and the relevant pleading standards.  Based upon that review, the Undersigned recommends that the presiding United States District Judge **DENY without prejudice** Plaintiff's motion and require Plaintiff to file an amended complaint.

**Plaintiff's Financial Eligibility:** Upon review of the Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) (Doc. 2), the Undersigned finds that Plaintiff does not provide sufficient information to allow the Court to determine whether Plaintiff is a pauper. Specifically, while Plaintiff represents that he expected to receive $1,000.00 as income during the month following his application, (*see* Doc. 2 at 1), he calculated his total expected monthly income for the month as $0.00, (*see id.* at 2). Similarly, despite noting various expenses each month, (*see id.* at 4-5), Plaintiff stated that his total monthly expenses were $0.00, (*id.* at 5). Given these discrepancies, the Undersigned finds that the Court is unable to determine, at this time, whether Plaintiff is financially eligible to proceed *in forma pauperis*. The Undersigned, therefore, recommends that Plaintiff be required to resubmit a more complete and internally consistent affidavit on the AO 239 Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) by the deadline set forth below.

**Review of Plaintiff's Pleading:** When a plaintiff files an application or motion to proceed *in forma pauperis*, the Court must review the pleading and the case under 28 U.S.C. § 1915. Upon such a review, § 1915 requires the Court to dismiss the case if the Court determines that:

(A)  the allegation of poverty is untrue; or
(B)  the action or appeal—
  (i)   is frivolous or malicious;
  (ii)  fails to state a claim on which relief may be granted; or

>       (iii)   seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). A complaint is considered to be "frivolous" when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Notably, while *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, *Whitehurst v. Wal-Mart*, 306 F. App'x 446, 447 n.2 (11th Cir. 2008), a litigant's *pro se* status "generally will not excuse mistakes [the litigant] makes regarding procedural rules," *Mickens v. Tenth Judicial Cir.*, 181 F. App'x 865, 875 (11th Cir. 2006) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)). This means that even *pro se* litigants must, among other things, meet minimal pleading standards and allege the essential elements of their claims for relief. *See Eidson v. Arenas*, 910 F. Supp. 609, 612 (M.D. Fla. 1995).

As a threshold consideration, Fed. R. Civ. P. 8 requires a pleading to contain:

>   (1)   a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>   (2)   a short and plain statement of the claim showing that the pleader is entitled to relief; and
>   (3)   a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a)(1)-(3). A plaintiff's obligation to show entitlement to relief requires more than labels, conclusions, or a formulaic recitation of the cause of action's elements. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561-63 (2007). Rather, a complaint must contain enough factual allegations to "state a claim to relief that is

3

plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court need not accept legal conclusions or threadbare recitals of the elements of a cause of action supported by conclusory statements as true. *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678.

Additionally, Fed. R. Civ. P. 10 provides that in any pleading:

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

Fed. R. Civ. P. 10(b). "Rules 8 and 10 work together 'to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.'" *Meide v. Pulse Evolution Corp.*, No. 3:18-cv-1037-J-34MCR, 2019 WL 4918264, at *1-2 (M.D. Fla. Oct. 4, 2019) (quoting *Fikes v. City of Daphne*, 79 F.3d 1079, 1082 (11th Cir. 1996)).

Relatedly, the Eleventh Circuit has repeatedly condemned so-called "shotgun pleadings" that run afoul of Rule 8 and/or Rule 10. *See Silverthorne v. Yeaman*, 668 F.

4

App'x 354, 355 (11th Cir. 2016) (citing *Weiland v. Palm Bch. Cty. Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015)).  Shotgun pleadings include those that:

    (1)    contain multiple counts where each count adopts the allegations of all preceding counts;
    (2)    do not re-allege all preceding counts but are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;"
    (3)    do not separate each cause of action or claim for relief into separate counts; or
    (4)    contain counts that present more than one discrete claim for relief.

*Id.* (quoting *Weiland*, 792 F.3d at 1321-23); *see also Toth v. Antonacci*, No. 19-10564, 2019 WL 4926961, at *1-2 (11th Cir. Oct. 7, 2019).

       The Undersigned has carefully reviewed Plaintiff's Complaint (Doc. 1) in light of the pleading standards articulated above and the requirements of § 1915.  The Undersigned finds and determines that Plaintiff must amend the Complaint (Doc. 1) for at least four (4) reasons.

       First, Plaintiff does not clearly allege how each of the named Defendants are involved in the alleged claims.  Specifically, while Plaintiff names, in their official capacities, three officers and one state trooper as Defendants in this lawsuit, (*see* Doc. 1 at 2-3), he does not allege facts supporting the individual Defendants' involvement in the alleged Constitutional violations, (*see id.* at 4-5).  Put differently, at no point does Plaintiff attempt to specify which officers or state troopers – either named in the Complaint or otherwise – committed the alleged acts or otherwise explain how any of the named Defendants were involved.  (*See id.*).  Instead, after setting forth a series

5

of events – without alleging what actions were taken by a particular actor – Plaintiff broadly concludes that "[t]he officers in question have violated many of [his rights] and attempted to endanger [his] life and well being [sic]." (*Id.* at 4). The Undersigned finds these broad allegations insufficient to show how the individual Defendants are involved in the alleged Constitutional violations.

Second, Plaintiff has filed an impermissible shotgun pleading that does not separate each cause of action or claim for relief into separate counts. Specifically, Plaintiff asserts that his First, Fourth, Fifth, and Tenth Amendments rights were violated. (*Id.* at 3). Yet, in setting forth the facts, Plaintiff merely lists a series of acts that he contends caused the violations. (*See id.* at 4). In so doing, he does not clarify which acts deprived him of which Constitutional rights. (*See id.*). Similarly, he does not specify whether he intends to bring one or more § 1983 claims. (*See id.*).

Third, to the extent Plaintiff sues Defendants in their official capacities, Plaintiff brings an action that fails to state a claim on which relief may be granted within the meaning of 28 U.S.C. § 1915(e)(2)(B)(ii). In that regard, where an officer is sued under § 1983 in his official capacity, the suit is deemed as proceeding against the entity the officer represents. *See Cook ex rel. Est. of Tessier v. Sheriff of Monroe Cnty., Fla.*, 402 F.3d 1092, 1115 (11th Cir. 2005); *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("[O]fficial-capacity suits 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985))). Thus, Plaintiff's claims are essentially against the entities that employ the individual Defendants.

Importantly, the United States Supreme Court has rejected the theory of *respondeat superior* as a basis for liability in § 1983 actions. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978). Thus, a county or municipality may be liable in a § 1983 action "only where the municipality *itself* causes the constitutional violation at issue." *Cook ex rel. Estate of Tessier*, 402 F.3d at 1115 (citations omitted). A plaintiff, therefore, must establish that an official policy or custom of the municipality was the "moving force" behind the alleged constitutional deprivation. *See Monell*, 436 U.S. at 693-94. "A policy is a decision that is officially adopted by the municipality, or created by an official of such rank that he or she could be said to be acting on behalf of the municipality." *Sewell v. Town of Lake Hamilton*, 117 F.3d 488, 489 (11th Cir. 1997) (citation omitted).

Alternatively, because a municipality will rarely have a policy that permits a particular constitutional violation, most plaintiffs must show that the municipality has a custom or practice of permitting the violation. *See Grech v. Clayton Cnty., Ga.*, 335 F.3d 1326, 1330 (11th Cir. 2003); *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004). The Eleventh Circuit has defined "custom" as "a practice that is so settled and permanent that it takes on the force of law." *Sewell*, 117 F.3d at 489.

Here, Plaintiff failed to allege the existence of any particular custom or policy by any entity, much less one that caused the actions or violations about which he complains. Accordingly, the Undersigned finds that Plaintiff has failed to state a claim upon which relief can be granted.

7

Fourth, to the extent Plaintiff asserts that his Tenth Amendment rights were violated, Plaintiff brings an action that fails to state a claim on which relief may be granted within the meaning of 28 U.S.C. § 1915(e)(2)(B)(ii).  The Tenth Amendment to the United States Constitution reads:  "The powers not delegated to the United States by the Constitution, nor prohibited by it to the states, are reserved to the states respectively, or to the people."  U.S. Const. amend. X.  Plaintiff's factual allegations do not specify any rights protected by the Tenth Amendment that Plaintiff contends were violated.  (Doc. 2 at 4).  At most, Plaintiff alleges that he "was denied the right to identify as [he] please[s] with genetic information to back it up."  (*Id.*).  However, Plaintiff fails to clarify whether this is the right he contends is protected under the Tenth Amendment or whether any other rights protected by the Tenth Amendment were violated.  (*See id.*).  Given the broad nature of the Tenth Amendment and Plaintiff's failure to elaborate as to the allegations, the Undersigned finds that Plaintiff has failed to satisfy the purpose of a complaint—*i.e.*, to sufficiently "put the defendant on notice of what claims are being advanced."  *See Travelers Cas. & Sur. Co. of Am. v. Madsen, Sapp, Mena, Rodriguez & Co., P.A.*, No. 07-60917-CIV-MARRA/JOHNSON, 2008 WL 11399642, at *2 (S.D. Fla. Jan. 31, 2008).

Based upon the foregoing, the Undersigned recommends that Plaintiff be required to (1) resubmit a more complete affidavit on the AO 239 Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) and (2) amend the Complaint.

# CONCLUSION

Accordingly, the Undersigned **RESPECTFULLY RECOMMENDS** that:

1. The Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) (Doc. 2), construed as a motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915 and M.D. Fla. R. 6.03, be **DENIED without prejudice**.

2. The Clerk of Court be directed to send Plaintiff a copy of the AO 239 Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form).

3. **No later than fourteen (14) days after the presiding United States District Judge's Order on this Report and Recommendation**, Plaintiff be directed to either: (1) complete the AO 240 Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) and submit it to the Clerk's Office for filing and file a First Amended Complaint that corrects the issues identified above and complies with the Federal Rules of Civil Procedure; or (2) pay the filing fee and proceed promptly to effectuate service of process on Defendants.

4. If Plaintiff fails to comply timely with the presiding United States District Judge's Order, his action be dismissed without further notice.

**RESPECTFULLY RECOMMENDED** in Tampa, Florida on August 23, 2022.

_____
Mac R. McCoy
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen days from the date the party is served a copy of this Report and Recommendation to file written objections to the Report and Recommendation's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. _See_ 11th Cir. R. 3-1. A party wishing to respond to an objection may do so in writing fourteen days from the date the party is served a copy of the objection. To expedite resolution, the parties may also file a joint notice waiving the fourteen-day objection period.

Copies furnished to:

Counsel of Record
Unrepresented Parties