UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LOGAN T. PADGETT,

    Plaintiff,

v.                                                         Case No. 8:22-cv-1330-KKM-MRM

STATE OF FLORIDA, et al.,

    Defendants.
_____

## ORDER

On August 23, 2022, the United States Magistrate Judge entered a Report and Recommendation, recommending that Plaintiff Logan T. Padgett's Motion to Proceed In Forma Pauperis (Doc. 2) be denied and his complaint (Doc. 1) be dismissed for a variety of reasons. (Doc. 4.) Padgett objected to the Report and Recommendation on September 6, 2022. Considering the record, the Court accepts and adopts the Report and Recommendation for the reasons stated therein (Doc. 4); denies Padgett's First Motion to Proceed In Forma Pauperis (Doc. 2); and dismisses Padgett's complaint (Doc. 1).

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's Report and Recommendation. 28 U.S.C. § 636(b)(1). If a party files a timely and specific objection to a finding of fact by a magistrate judge, the district court must conduct a de novo review with respect to that factual issue. *Stokes v. Singletary*, 952 F.2d 1567, 1576 (11th Cir. 1992). The district court reviews legal conclusions de novo, even in the absence of an objection. *See Cooper-Houston v. S.*

*Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994); *Ashworth v. Glades Cnty. Bd. of Cnty. Comm'rs*, 379 F. Supp. 3d 1244, 1246 (M.D. Fla. 2019).

As the Magistrate Judge notes, Padgett's complaint fails to state a claim upon which relief can be granted and fails to comport with the Federal Rules of Civil Procedure. While Padgett identifies several defendants and several violations of his constitutional rights, he does not identify which defendants committed each violation and he does not separate each claim into a separate count. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323. Additionally, his claims are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id*. Seeming to recognize this, Padgett further details the events underlying his claims in his objection. However, his objection fails to raise any substantive flaws in the Magistrate Judge's Report. Therefore, after careful review, the Court agrees that his complaint is due to be dismissed as a shotgun pleading. Padgett may file an amended complaint detailing his claims in accordance with the requirements in the Federal Rules of Civil Procedure and those detailed in the Magistrate Judge's Report.

Accordingly, the following is **ORDERED**:

1. The Magistrate Judge's Report and Recommendation (Doc. 4) is **ADOPTED** and made a part of this Order for all purposes.
2. Armstrong's Motion to Proceed In Forma Pauperis (Doc. 2) is **DENIED**.
3. Armstrong's complaint (Doc. 1) is **DISMISSED** without prejudice.

4. Within fourteen (14) days of this order—so by **September 26, 2022**—Padgett may file an amended complaint that complies with the pleading requirements set forth in the Federal Rules of Civil Procedure and that corrects the deficiencies identified above and in the Report and Recommendation. Failure to comply with these directives will result in dismissal of this case without further notice.

**DONE AND ORDERED** at Tampa, Florida, on September 13, 2020.

/s/ *William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record